IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LARRY WILLIAMS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CITY OF LITHONIA, GEORGIA,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION**<br>**FILE NO. _____** |

## COMPLAINT

Plaintiff Larry Williams ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant City of Lithonia ("Defendant"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") for Defendant's willful failure to pay Plaintiff's overtime compensation and for other relief on the grounds set forth herein and states as follows:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over this claim in controversy as it arises from a federal question under 29 U.S.C. § 216(b), involving claims arising out of the unlawful employment practices described herein during Plaintiff's employment with the Defendant City of Lithonia.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), 29 U.S.C. § 216(b), and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

## PARTIES

3.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant is a municipality located in DeKalb County, Georgia and may be served through its Mayor, Deborah Jackson, at 6980 Main Street, Lithonia, Georgia 30058. Defendant Lithonia is subject to the jurisdiction and venue of this Court.

5.

The City of Lithonia Police Department is a city government agency and division of the City of Lithonia, Georgia located in DeKalb County, Georgia.

6.

Plaintiff worked for Defendant at the City of Lithonia Police Department from August 25, 2005 through present.

7.

Plaintiff is an "Employee" as defined under the FLSA, 29 U.S.C. § 203(e)(2)(c).

8.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

9.

During his employment with Defendant, Plaintiff consistently worked more than 43 hours in a consecutive 7 day period and was not paid the required overtime wage differential as mandated under the FLSA, 29 U.S.C. § 207.

10.

Upon information and belief, Defendant was Plaintiff's "Employer" pursuant to 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11.

During the past three years, through the present time, Plaintiff has worked for Defendant as a Lieutenant in the City of Lithonia Police Department, a public agency in the State of Georgia.

12.

Plaintiff was hired by Defendant on or about August 25, 2005 as a Police Officer with the City of Lithonia Police Department.

13.

FLSA guidelines mandate that law enforcement personnel who work more than 43 hours in 7 day consecutive period be paid overtime for time worked over 43 hours. In the alternative, FLSA guidelines require that law enforcement personnel who work more than eighty-six (86) hours in a fourteen (14) day consecutive period be paid overtime for time worked over 86 hours.

14.

The Lithonia Police Department Employee Manual (hereafter "Employee Manual") dictates that "[p]olice officers will be paid at the rate of time and one-half (1 ½) times their regular rate of pay for all hours worked in excess of 43 hours in one week. Scheduled holidays, vacation[s] days, and time off for jury duty will

be considered hours worked for purposes of calculating overtime." (See Exhibit A attached hereto, Employee Manual, p. 69, § 3-1.17 Recording Time/Overtime).

15.

During the past three years, Plaintiff routinely provided maintenance for Perro, a police canine owned by the City of Lithonia, with no overtime compensation. Defendant failed to keep track of these hours.

16.

During the past three years, Plaintiff routinely performed mandatory training for Perro, a police canine owned by the City of Lithonia, with no overtime compensation. Defendant failed to keep track of these hours.

17.

Plaintiff was not compensated for all hours worked, even though he consistently worked more than 43 hours per 7 day consecutive pay period.

18.

Defendant failed to pay Plaintiff any overtime wage differential as required by FLSA 29 U.S.C. § 207 for occasions when Plaintiff provided maintenance and training for Perro, a police canine owned by the City of Lithonia.

19.

Defendant managed, controlled, and directed the tasks, hours, schedule, and manner of payment for Plaintiff during the past three years.

20.

Upon information and belief, Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §207 and/or §213.

21.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of one and one half times his hourly rate for each hour worked in excess of 43 hours in a 7 day consecutive work period.

22.

Defendant knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

23.

Upon information and belief, Defendant paid other similarly situated employee's overtime wage differential as required by the FLSA for overtime hours worked, but failed to do so for Plaintiff.

24.

Upon information and belief, when the Defendant refused to pay Plaintiff the overtime wage differential as required by federal law, Defendant was not relying on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to the overtime wage differential.

25.

Upon information and belief, Defendant was informed through its employees and agents that it had failed to pay the required overtime wage differential to Plaintiff, but failed to rectify its errors and comply with the law.

26.

Plaintiff specifically requested to be paid the required overtime wage differential for his hours spent maintaining Perro, a police canine owned by the City of Lithonia, and Defendant's employees and agents failed and refused to do so.

27.

Defendant is liable to Plaintiff for any and all time worked in excess of 43 hours in a 7 day consecutive work period at a rate of at least one and one half times his calculated hourly rate.

28.

Defendants' conduct constitutes willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and costs of litigation pursuant to 29 U.S.C. § 216.

## **COUNT ONE**

## **VIOLATION OF FLSA 29 U.S.C. §§ 207, 215**

29.

Plaintiff incorporates Paragraphs 1 through 28 as if the same were fully expressed herein.

30.

Defendant's failure to compensate Plaintiff for overtime hours actually worked while Plaintiff maintained Perro, a police canine owned by the City of Lithonia, is a violation of FLSA 29 U.S.C. §§ 207 and 215.

31.

Defendant's failure to compensate Plaintiff for his overtime hours actually worked in excess of 43 hours in a 7 day consecutive work period at a rate of one and one half times his calculated rate of pay is a violation of FLSA 29 U.S.C. §§ 207 and 215.

32.

Defendant suffered and required Plaintiff to routinely work more than 43 hours in a 7 day consecutive work period without paying Plaintiff the overtime wage differential to which he is entitled.

33.

Defendant's violations are intentional and willful as Defendant knew, or should have known, that it was required to pay Plaintiff an overtime wage differential pursuant to the FLSA.

34.

Defendant willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of FLSA.

35.

Defendant's conduct was willful and in bad faith.

36.

Defendant's willful and bad faith violations give rise to a claim for relief pursuant to FLSA 29 U.S.C. §216.

WHEREFORE, Plaintiff requests that this Court

1) Grant a trial by jury as to all triable issues of fact;

2) Issue a judgment awarding Plaintiff:

   a. All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. §207;

   b. Liquidated damages as provided by 29 U.S.C. § 216;

   c. Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

   d. Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. § 216;

   e. Any and all other remedies allowed under the FLSA; and

3) Any and all such other relief this Court allows.

This 4th day of November, 2014.

LoRusso Law Firm, P.C.

/s/ Lance J. LoRusso
Lance J. LoRusso
Georgia Bar No. 458023

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia   30339
770-644-2378
770-644-2379 (fax)
lance@lorussolawfirm.com

This Document Appears In Times New Roman 14 Point Font.

# VERIFICATION

STATE OF GEORGIA

COUNTY OF DEKALB

Personally appeared before the undersigned officer, duly authorized to administer oaths, **LARRY WILLIAMS**, who, after being duly sworn, deposes and states that the information provided by him and incorporated into the foregoing COMPLAINT is true and correct to the best of his knowledge, information and belief.

This 3 day of November, 2014.

_____
LARRY WILLIAMS
AFFIANT

Sworn to and subscribed before me,

this 3d day of November, 2014.

_____
Notary Public

My Commission Expires: 04-05-2015