# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 1:14-CV-03546 |
| ) | |
| CITY OF LITHONIA, GEORGIA. ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT, RELEASE
## OF ALL CLAIMS, AND INDEMNITY AGREEMENT

I. **RECITALS**

A. **Larry Williams ("Plaintiff")** brought the instant civil action against the **City of Lithonia, Georgia ("Defendant")** in the United States District Court, Northern District of Georgia, styled Larry Williams v. City of Lithonia, Georgia **1:14-CV-03546-ODE (the "Civil Action")** seeking compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., arising from his alleged maintenance and training of a police K-9 for the City of Lithonia Police Department for approximately three (3) years between 2011 and 2014 ("**K-9 Maintenance and Training**"). Defendant denies any liability for failing to pay compensation to Plaintiff and states that it has paid Plaintiff in accordance with all applicable federal, state, and local laws.

B. The Parties have participated in extensive settlement negotiations, and, as a result, have agreed to settle the FLSA Action according to the terms of this Agreement.

C. The parties have conducted discovery, have investigated the relevant facts and have made a thorough study of the legal principles applicable to Plaintiff's FLSA claims. Based

upon the results of these activities, Plaintiff has concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in his best interests. Such settlement makes Plaintiff whole.

D. The Parties recognize that Court's approval of the settlement is required to effectuate this Settlement Agreement, and that the Settlement Agreement will not become operative until the Court grants approval of its terms.

E. NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the Parties, that the instant civil action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

## II. RELEASE AND DISCHARGE OF CLAIMS AND POTENTIAL CLAIMS

A. Plaintiff for himself and his past, present, and future agents, representatives, successors, assigns, heirs, beneficiaries, and attorneys hereby forever releases, discharges, and acquits Defendant along with its past, present and future employees, agents, representatives, successors, assigns, heirs, elected and appointed officials, officers, directors, stockholders, partners, limited partners, departments, joint venturers, agents, representatives, employers, members, servants, volunteers, contractors, predecessors, successors, claim administrators, third-party administrators, insurers, re-insurers and attorneys from all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, that Plaintiff had, has, or might have in the future for all injuries and damages of whatsoever kind and nature arising out of, or in any way connected with the **K-9 Maintenance and Training** between 2011 and 2014 and reimbursement for funds expended in connection with K-9 training from September 6, 2011 until October 14, 2011.

B. This Agreement extinguishes all claims, suits, costs, debts, demands, actions, and causes of action that Plaintiff had, has, or might have in the future against the Defendant for any

economic or non-economic damage, cost, expense, loss, or injury, whether known or unknown, that may be traced either directly or indirectly to the **K-9 Maintenance and Training** between 2011 and 2014 and reimbursement for funds expended in connection with K-9 training from September 6, 2011 until October 14, 2011, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to the **K-9 Maintenance and Training** between 2011 and 2014 and reimbursement for funds expended in connection with K-9 training from September 6, 2011 until October 14, 2011. Plaintiff hereby discharges all claims arising out of the **K-9 Maintenance and Training** between 2011 and 2014 and reimbursement for funds expended in connection with K-9 training from September 6, 2011 until October 14, 2011 that were, or could have been asserted in any court of competent jurisdiction including, but not limited to, all claims for wages; reimbursement; attorney's fees; costs of litigation; punitive and exemplary damages; and all other items of loss or damage, of any kind, which are, were, or could be vested in Plaintiff against the Defendant.

C. It is expressly understood and agreed that (a) the intent of the Parties is to release not only the persons and entities specifically identified above, but also all persons and entities who are or may be liable in whole or in part for compensation allegedly due for the **K-9 Maintenance and Training** between 2011 and 2014 and reimbursement for funds expended in connection with K-9 training from September 6, 2011 until October 14, 2011, and (b) the Parties hereby waive any requirement of further identification by proper name or such other description as leaves no question of the identity of the party released.

D. It is understood and agreed that neither Plaintiff nor Defendant shall be considered a "prevailing party" for any purpose, including but not limited to, recovery of attorney fees, costs, and expenses of litigation under state or federal law.

III. **SETTLEMENT FUNDS AWARD AND CALCULATION**

Defendant will pay FIFTY THOUSAND and 00/100 ($50,000.00) DOLLARS to Plaintiff. The sum to be paid includes FIFTEEN THOUSAND DOLLARS ($15,000.00) as attorneys' fees, SIXTEEN THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS ($16,756.00) as back wages and overtime pay, SIXTEEN THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS ($16,756.00) as liquidated damages, and ONE THOUSAND FOUR HUNDRED EIGHTY EIGHT DOLLARS ($1,488.00) reimbursement for expenses claimed by Plaintiff in a dispute not at issue in the instant litigation. Settlement is to be paid to Plaintiff as follows: TWENTY THOUSAND DOLLARS ($20,000.00) to be paid within 30 days of settlement approval by the Court. Of that $20,000.00, FIFTEEN THOUSAND DOLLARS ($15,000.00) will be designated to attorney's fees, ONE THOUSAND FOUR HUNDRED EIGHTY EIGHT DOLLARS ($1,488.00) will be designated to reimburse Plaintiff for expenses claimed in a dispute not at issue in the instant litigation, and the remaining THREE THOUSAND FIVE HUNDRED TWELVE DOLLARS ($3,512.00) will be divided evenly between back pay and liquidated damages. The remaining THIRTY THOUSAND DOLLARS ($30,000.00) is to be paid to Plaintiff, in equal installments, at the rate of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) per month on or before the last day of the month for a period of TWELVE (12) consecutive months. Each month, TWELVE HUNDRED AND FIFTY DOLLARS ($1,250.00) will be designated as back pay, and TWELVE HUNDRED AND FIFTY DOLLARS ($1,250.00) will be designated as liquidated damages. The first installment payment will be due within sixty (60) days of settlement approval.

Such payments shall be made separate and apart from any and all current or future payments or compensation owed to or received by Plaintiff resulting from his employment with Defendant. Such payment will be secured by a promissory note (attached hereto and incorporated herein as Exhibit A). Plaintiff shall not be entitled to, and Defendant shall not be obligated to pay, any interest under the promissory note.

IV.     **NO ADMISSION OF LIABILITY**

This Agreement constitutes a settlement by compromise of a disputed claim or claims or potential claim or claims arising out of, related to, or in some way connected with the **K-9 Maintenance and Training** between 2011 and 2014 and is intended by Plaintiff and Defendant to avoid litigation and settle a disputed claim. Neither this settlement and compromise, nor the payment of the sums set forth herein, shall be construed as an admission of any liability or wrongdoing whatsoever by Defendant, all such liability and wrongdoing being expressly denied by them.

V.      **DISPUTE RESOLUTION**

Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

A.      If Plaintiff or Defendant at any time believes that the other party has breached or acted contrary to the Settlement Agreement, that party shall notify the other party in writing of the alleged violation, and such notification shall be made within thirty (30) days that the notifying party knew or should have known of the alleged violation.

B.  Upon receiving notice of the alleged violation or dispute, the responding party shall have fifteen (15) business days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

C.  If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to fifteen (15) business days to resolve their differences.

D.  If Plaintiff and Defendant are unable to resolve their differences after thirty (30) business days, either party may file an appropriate motion for enforcement with the Court.

## VI. COVENANTS, REPRESENTATIONS, AND WARRANTIES

As an inducement for Defendant to enter into this Agreement, Plaintiff hereby covenants, represents, and warrants that:

A.  At the time of the action, Plaintiff was over the age of eighteen (18) and was unmarried.

B.  Plaintiff presently suffers from no legal disability that prevents him from having the capacity to enter into and execute this Agreement, and he does, in fact, have the legal capacity, power, and authority to enter into and execute this Agreement.

C.  Neither Plaintiff nor anyone acting on his behalf, has assigned, transferred, or sold, or has purported to assign, transfer, or sell, to any person or entity any claim or potential claim, demand, action, cause of action, or right released by this Agreement.

D.  Plaintiff shall be and is solely responsible for payment of all of his attorney fees, expenses, court costs, and taxes (including but not limited to penalties and interest) of any nature whatsoever relating to this action and to this settlement, compromise, release, and termination of actual and potential claims.

E.  Neither the existence of this Agreement nor any of its provisions shall be offered in evidence by Plaintiff in any action or proceeding other than an action to enforce this release.

F.  Plaintiff has not been influenced to any extent whatsoever by any representation or statement of any representative of the Defendant, and no statement, representation, promise, or agreement of any nature whatsoever, other than those contained in this written Agreement, has been made to or with him.

G.  Before executing this Agreement, Plaintiff has discussed its contents with his attorney(s) and is fully informed of its contents.

H.  Plaintiff has relied solely upon his own judgment in entering into this Agreement, and executes this Agreement with full knowledge of its contents and of his own free will and accord.

I.  No person has suffered any loss of consortium or loss of service, or has any derivative claim(s) whatsoever, for any injury or damage alleged to have been sustained by Plaintiff in connection with the **K-9 Maintenance and Training**.

J.  Plaintiff has not been a debtor in any bankruptcy proceeding or filed for protection under the bankruptcy laws since the year 2011 and the execution of this Agreement.

### VII. FUTURE COOPERATION AND DISMISSAL

Plaintiff agrees to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement which are not inconsistent with its terms. Specifically, Plaintiff agrees to file a dismissal of the civil action, with prejudice.

## VIII. FAILURE OF SETTLEMENT

In the event that the Settlement Agreement is not approved by the Court for any reason, this Settlement Agreement shall be null and void, and the Parties shall return to the status quo as if the Parties had not entered into this Settlement Agreement. In addition, in such event, the Settlement Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties, and all evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in this action or otherwise.

## VII. MISCELLANEOUS

A. <u>Diligence</u>. The Parties agree to diligently prepare and execute this Settlement Agreement and the Joint Motion for Approval of the Settlement Agreement.

B. <u>Various Proceedings Stayed.</u> The Parties agree to stay all proceedings in this action, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

C. <u>Defense Fees and Costs.</u> Defendant shall bear all of its attorneys' fees and legal costs and expenses incurred in this action.

D. <u>Amendment or Waiver Only in Writing.</u> This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. No rights hereunder may be waived except in writing.

E. <u>Complete Agreement.</u> This Settlement Agreement and attached Exhibits set forth the complete agreement between the Parties relating to the Settlement and any and all payments or obligations owed by Defendant to Plaintiff.

F. <u>Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate.</u> Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

G. <u>Binding Upon Successors and Assigns.</u> This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties.

H. <u>No Prior Assignment.</u> The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

I.  Governing Law. All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Georgia and the United States of America, where applicable.

J.  Counterparts. This Settlement Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

K.  Exhibits. The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement. Unless specifically provided otherwise in the Exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

L.  Construction. The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

M.  Retention of Jurisdiction. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement

Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

N. <u>Titles and Captions of No Force.</u> Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital. In the event of any conflict between any section heading and the text of this Agreement, the text shall control.

O. <u>Discovery of Facts.</u> The Parties hereby acknowledge and agree that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the claims being released by this Agreement and that, in such event, this Agreement shall nevertheless be effective and remain in force in all respects.

P. <u>Tax Consequences.</u> None of the Parties or their respective counsel make any representation as to the tax consequences, if any, of the provisions of this Agreement.

Q. <u>Waiver.</u> A waiver by any of the Parties of any breach of this Agreement or any provision of this Agreement shall not operate or be construed as a waiver of any other provision of this Agreement or any subsequent breach by any of the Parties.

R. <u>Costs Associated with Breach of Agreement.</u> In the event of litigation relating to, arising out of, or connected with a breach of this Agreement, the prevailing party shall be entitled to recover all costs, expenses, and actual attorney fees incurred therein.

S. <u>Severance.</u> If a court of competent jurisdiction determines that any term, provision, or part of this Agreement is invalid, unenforceable, or void for any reason whatsoever, then such

invalid, unenforceable, or void term, provision, or part shall be severed from the remainder of this Agreement except to the extent that such a term or provision is deemed material to properly effectuate the intent of the parties in entering into this settlement agreement. In such an instance, the entire agreement shall be deemed null and void.

Having carefully read this *Settlement Agreement, Release of All Claims, and Indemnity Agreement* in its entirety and having fully informed themselves of and understanding its contents, the parties execute this Agreement of their own free will and accord by their signatures as of the date first set forth below.

_____
Larry Williams

Sworn to and subscribed before me, this 13 day of May, 2015.

_____
Notary Public

My Commission Expires:

JESSICA FRANKLIN
Notary Public, Georgia
Cobb County
My Commission Expires
June 13, 2018

_____
Mayor, City of Lithonia

Sworn to and subscribed before me, this 4th day of May, 2015.

_____
Notary Public

My Commission Expires:
2-6-18